## The Golden Rule.[1]

(*Circuit Court, E. D. Louisiana.*    March 29, 1884.)

1. COLLISION.
   Although the evidence shows that there was no actual collision, there is no doubt that the Golden Rule fouled in the hawser of the Arthur and broke it, and probably, in doing so, broke the ship's martingale.    It was an accident likely to occur in a crowded port, and the offending vessel was liable for the damages.
2. SURVEY.
   The costs of a survey held on the injured vessel, without order of court, or by contract between the parties, in the absence of any proof that it was a necessary result of the collision, cannot be charged as part of the damages.

Admiralty Appeal.
*James McConnell* and *Horace E. Upton,* for libelants.
*H. H. Walsh,* for claimants.

[1] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

PARDEE, J.   It appears that the bark Prince Arthur was moored in the Mississippi river at First street, in this city, and that the stern-wheel steam-boat Golden Rule attempted to land ahead, and in doing so her wheel fouled in the large hawser leading from the head of the Arthur ashore, chafing and breaking the hawser, and starting the ship's figure-head and breaking her martingale.   The captain of the Prince Arthur called a board of survey, repaired his ship's figure-head and martingale, purchased a new hawser, and presented his claim to the Golden Rule for $262.33 for payment, which was refused, but $30 tendered in full payment of damages.   Thereupon the owners of the Prince Arthur libeled the Golden Rule, alleging collision and damages.   Thereafter the claimant tendered in court $50 and costs accrued.   On reference to a commissioner to report damages the following items and sums were allowed:

| | |
|---|---:|
| For hawser, - - - - - - - | $194 70 |
| For martingale, - - - - - - - | 3 76 |
| For survey, - - - - - - - | 30 00 |
| Total, - - - - - - - | $228 46 |

The district court, considering that a deduction on account of new for old should be allowed on the hawser, reduced the amount by one-third of the cost, and then confirmed the master's report, leaving the account for damages standing thus:

| | |
|---|---:|
| For hawser, - - - - - - - | $152 36 |
| For martingale, - - - - - - - | 3 76 |
| For survey, - - - - - - - | 30 00 |
| Total, - - - - - - - | $186 12 |
| Deduct value of old hawser left on ship and proved, - - | 33 86 |
| Total damages, - - - - - - | $152 26 |

For which amount judgment was given, subject to the tender of $89.25 made by claimant and paid into court.

In this court the claimant strenuously contends that there was no collision; that the hawser was rotten; that it could have been spliced; and that $30, the original tender, covered all the damages.   The evidence shows no actual collision of ships, but it is immaterial.   There is no doubt, under the evidence, that the Golden Rule fouled in the hawser of the Arthur and broke it, and probably, in doing so, broke the ship's martingale.   It was an accident likely to occur in a crowded port, and there is nothing to determine about it except the actual damages.   The evidence that the hawser was rotten is wholly inferential, based on the fact that it broke, and I think is fully met by the facts and direct evidence on the part of libelants.   The evidence also shows that it could not have been spliced without weakening and shortening it, so as to render it useless to the Prince Arthur.   A new

one cost in this market $228.56, and when from that amount was deducted one-third, new for old, and the proven value of the old hawser, $33.86, there ought to be no question that the damage on account of the hawser was correctly ascertained. The small amount allowed for the martingale was proved, and is not questioned. The survey does not appear to have been questioned in the district court, either in the record or in argument. No exception was taken to the master's report, except the objections that may have been urged orally before the district judge. Proctors for libelants in this court have not shown on what authority or principle such charge for damages is allowable.

The survey was not by order of any court, nor by contract between the parties. It was *ex parte*, although the agent of the Golden Rule had notice. It was not admissible in evidence, and determined no fact in the case. It was not necessary in the light of actual facts of the alleged collision or of the injuries resulting. If the survey was a necessary result of the injuries inflicted on the Prince Arthur, such fact should have been proved in the case. As the record stands, the expense of holding it ought not to be charged to the claimant, and I think the judgment of the district court should be reduced by that amount. If the claimant had objected to that item in any of the proceedings before reaching this court, I have no doubt it would have been either established by proof and authority, or been disallowed by the court; and for this reason, while I reduce the amount of the decree given by the district court, I do not think all the costs of appeal should be thrown on the libelants.

A decree will be entered in favor of libelants for $122.56, with 5 per cent. interest thereon from March 13, 1880, and for costs of the district court, subject to the tender of $9.25 made June 14, 1882; the costs of this court, including cost of transcript, to be equally paid by the parties.